IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TIDEWATER FINANCE COMPANY, | * | |
| Appellant, | * | |
| v. | * | Civil Action No.: RDB 05-2147 |
| DEBORAH WILLIAMS, | * | |
| Appellee. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

This case is before this Court on appeal from the Order of United States Bankruptcy Judge E. Stephen Derby granting summary judgment in favor of the Appellee-debtor Deborah Williams ("Williams").  Judge Derby determined that the mandatory six year period between discharges set forth in 11 U.S.C. § 727(a)(8) was not equitably tolled during three Chapter 13 cases that were filed by Williams after receiving a Chapter 7 discharge.  This determination resolved Appellant Tidewater Finance Company's ("Tidewater") action, which was only viable if equitable tolling applied to § 727(a)(8).  This Court has jurisdiction pursuant to 28 U.S.C. § 158(a), as Tidewater's appeal arises from the final order entered by the United States Bankruptcy Court for the District of Maryland and is brought pursuant to Local Rule 404.  The Court conducted a hearing on December 22, 2005.  For the reasons stated below, the Order of United States Bankruptcy Judge E. Stephen Derby is AFFIRMED.

BACKGROUND

The material facts are not in dispute.  Between 1996 and 2004, Williams filed five bankruptcy cases in the United States Bankruptcy Court for the District of Maryland.  The

Chapter, case number, filing date, disposition, disposition date, and length of those cases are summarized below:

| Chapter | Case No. | Filing Date | Disposition | Disposition Date | Length of Case |
|---|---|---|---|---|---|
| 7 | 96-60644 | 10/29/1996 | discharged | 2/10/1997 | 104 days |
| 13 | 99-62251 | 9/21/1999 | dismissed | 11/02/1999 | 42 days |
| 13 | 00-56264 | 5/16/2000 | dismissed | 1/25/2001 | 254 days |
| 13 | 01-62584 | 8/14/2001 | dismissed | 9/11/2003 | 758 days |
| 7 | 04-16311 | 3/15/2004 | pending | n/a | n/a |

(*See* Appellant's Br. p. 3; Appellee's Br. pp. 1-2.)  The period between the commencement dates of Williams' Chapter 7 cases is seven years and 139 days.  Williams was a debtor in the intervening Chapter 13 cases for a combined period of two years and 324 days.  Williams neither completed payments under a plan nor obtained a discharge in any of her Chapter 13 cases. *Tidewater v. Williams* (*In re Williams*), 333 B.R. 68, 74 n.4 (Bankr. D. Md. 2005).  Finally, Tidewater has not alleged bad faith or fraud against Williams in connection with either her Chapter 7 or Chapter 13 cases.  *Id*. at 75 n.6.

The debt that is the subject of this controversy was incurred by Williams on October 18, 1997, when she financed the purchase of an automobile by executing a Consumer Credit Retail Installment Contract and Security Agreement that was later assigned to Tidewater.  Williams defaulted on this finance agreement,[1] the collateral was repossessed and sold, and Tidewater obtained a deficiency judgment against Williams in Virginia General District Court on July 6, 2001.  The unpaid principal associated with this deficiency judgment amounts to $7,468.84 plus

---

[1] The record does not indicate the date that Williams defaulted on her finance agreement.

accrued interest and costs.  (*See* Appellant's Br. p. 2.)

In the underlying bankruptcy proceeding, Tidewater sought summary judgment on its claim that Williams is not entitled to a discharge of her second Chapter 7 case under 11 U.S.C. § 727(a)(8).  Section 727(a)(8) provides that a debtor must wait six years from the filing of one Chapter 7 case before she is entitled to the discharge of another Chapter 7 case.  The basis of Tidewater's motion was that the six year waiting period should have been equitably tolled for the two years and 324 days that Williams' intervening Chapter 13 cases were pending.  On June 28, 2005, Judge Derby found that "equitable tolling shall not be applied to the time periods in which Debtor was in her three Chapter 13 cases, and Tidewater's claim under 11 U.S.C. § 727(a)(8) fails."  *In re Williams*, 333 B.R. at 75.  On August 5, 2005, Tidewater filed a notice of appeal in this Court.

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure.  On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *Devan v. Phoenix American Life Ins. Co.* (*In re Merry-Go-Round Enterprises, Inc.*), 400 F.3d 219, 224 (4th Cir. 2005); *Kielisch, et al. v. Educational Credit Management Corp., et al.* (*In re Kielisch*), 258 F.3d 315, 319 (4th Cir. 2001).  The grant of summary judgment is reviewed *de novo* under Rule 56 of the Federal Rules of Civil Procedure.  *Century Indemnity Co., et al. v. National Gypsum Company Settlement Trust, et al.* (*In re National Gypsum Co.*), 208 F.3d 498, 504 (5th Cir. 2000).  The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings.  *See* Fed. R. Bankr. P. 8013.

DISCUSSION

**I.      Equitable Tolling.**

The doctrine of equitable tolling "permits a court to suspend the measuring period for a party to take action during the time the party was unable to act." *In re Williams*, 333 B.R. at 71. The Supreme Court has explained the role of this doctrine in the bankruptcy context as follows:

> It is hornbook law that limitations periods are "customarily subject to 'equitable tolling,'" unless tolling would be "inconsistent with the text of the relevant statute." Congress must be presumed to draft limitations periods in light of this background principle. That is doubly true when it is enacting limitations periods to be applied by bankruptcy courts, which are courts of equity and "appl[y] the principles and rules of equity jurisprudence."

*Young v. United States*, 535 U.S. 43, 49-50 (2002) (citations omitted).

Courts have equitably tolled limitations periods in the Bankruptcy Code. For example, the two-year limitations period set forth in 11 U.S.C. § 546(a)(1)(A) for commencing adversary proceedings under §§ 544, 545, 547, 548, or 553 has been equitably tolled in fraud and other situations where, despite exercising due diligence, the trustee was unable to file a timely proceeding. *See Randall's Island Family Golf Centers, Inc. v. Acushnet Co., et al.* (*In re Randall's Island Family Golf Centers, Inc.*), 288 B.R. 701, 706 (Bankr. S.D.N.Y. 2003). Similarly, the "three-year lookback period" for determining whether federal income tax debt is excepted from discharge under 11 U.S.C. §§ 523(a)(1)(A) & 507(a)(8)(A)(i) has been equitably tolled during the pendency of a prior bankruptcy petition. *Young*, 535 U.S. at 54. Other limitations periods have been subjected to equitable tolling.[2]

---

[2] *See, e.g., Official Committee of Unsecured Creditors v. Pardee, et al.* (*In re Stanwich Financial Service Corp.*), 291 B.R. 25, 28-29 (Bankr. D. Conn. 2003) (holding that the one-year limitations period under § 548(a)(1) for commencing an action to avoid certain transfers of property may be equitably tolled); *Olsen v. Zerbetz* (*In re Olsen*), 36 F.3d 71, 73 (9th Cir. 1994) (equitable tolling applies to the two-year limitations period under § 549(d) for

Courts have also declined to equitably toll limitations periods in the Bankruptcy Code. For example, the 240 day lookback period for determining the priority of federal income tax debt under 11 U.S.C. § 507(a)(8)(A)(ii) is not equitably tolled during the pendancy of a debtor's case in United States Tax Court. *In re Tecson*, 291 B.R. 199, 202 (Bankr. M.D. Fla. 2003). Likewise, the one-year limitations period for commencing an action to revoke a discharge under § 727(e)(1) is not subject to the doctrine of equitable tolling, even where the debtor allegedly committed fraud by concealing facts that formed the basis of the trustee's cause of action. *Northrup v. Phillips* (*In re Phillips*), 233 B.R. 712, 717-18 (Bankr. W.D. Tex. 1999). At least one other limitations periods has been excepted from the doctrine of equitable tolling.[3]

## II.     Section 727(a) of the Bankruptcy Code.

Section 727(a) of the Bankruptcy Code provides that "[t]he court shall grant the debtor a discharge" unless specific conditions or circumstances exist. 11 U.S.C. § 727(a). One such condition is identified in § 727(a)(8), which prevents debtors from obtaining a discharge when

---

commencing an action to set aside an unauthorized transfer where a debtor conveyed property to son without court authorization or notice to trustee); *In re Rives*, 260 B.R. 470, 472 (Bankr. E.D. Mo. 2001) (holding that the 180 day lookback period for determining whether individual is qualified to be a debtor under § 109(g) is equitably tolled during pendency of debtors' improperly filed second case); *see also Stood v. Mufti* (*In re Mufti*), 61 B.R. 514, 518 (Bankr. C.D.Cal. 1986) (equitable holding applies to Fed. R. Bankr. P. 4004, which provides the limitations period for filing objections to discharge); *Womble v. Pher Partners* (*In re Womble*), 299 B.R. 810, 812 (N.D. Tex. 2003) (holding that the one-year lookback period for determining whether an individual is qualified for a discharge from filing of bankruptcy petition under § 727(a)(2)(A) is equitably tolled during pendency of the debtor's prior bankruptcy cases). For reasons explained below, this Court respectfully disagrees with the *In re Womble* decision. *See* DISCUSSION § II.

[3]     *See Dahar v. Bevis* (*In re Bevis*), 242 B.R. 805, 810 (Bankr. D.N.H. 1999) (holding that the doctrine of equitable tolling does not apply to § 727(e)(2), another limitations period governing actions to revoke a discharge); *see also Ohio Farmers Ins. Co. v. Leet* (*In re Leet*), 274 B.R. 695, 697-98 (6th Cir. 2002) (holding that Fed. R. Bankr. P. 4007(c) is not subject to equitable tolling).

"the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition."[4]  In other words, "[s]ection 727(a)(8) precludes a debtor from obtaining multiple Chapter 7 discharges more frequently than at six year intervals." *In re Williams*, 333 B.R. at 74.

In this case, the Bankruptcy Court decided that equitable tolling does not apply to the limitations period set forth in 11 U.S.C. 727(a)(8).

> Equitable tolling is not applicable here because § 727(a)(8) does not define a limitations period for Tidewater, a creditor, to assert its claim.  Rather, § 727(a)(8) defines a condition that the Debtor was required to satisfy in order to qualify for a benefit, namely, a discharge of her debts.  By restricting how often a debtor may obtain a discharge, Section 727(a)(8) does not prescribe a period certain within which creditors rights may be enforced.

*In re Williams*, 33 B.R. at 73.  Judge Derby noted that allowing equitable tolling in this case would "have the court apply § 727(a)(8) in a manner that could vary its effect on individual creditors depending on the date their claims arose." *Id*. at 74.  As a result, Judge Derby found that "[t]he imposition of equitable tolling is inconsistent with the plain text of § 727(a)(8), and it would alter the statute's plain meaning by converting it to a limitations period for assertions of rights by creditors." *Id*. at 75.  Finally, Judge Derby pointed out that "[e]ven if equitable tolling

---

[4] Recent legislation has extended the limitations period under 11 U.S.C. § 727(a)(8) from six to eight years.  *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 312 (2005); *see also In re Williams*, 33 B.R. at 74 n.5 (noting amendment to limitations period).  The legislative history does not contain any substantive discussion of this specific amendment.  *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess., p. 16 (2005), U.S. Code Cong. & Admin. News 2005, p. 102 (Noting that 2005 amendments "include[] provisions intended to provide greater protections for creditors. . . . These include provisions . . . prohibiting abusive serial filings and extending the period between successive discharges."); H.R. Rep. No. 109-31, 109th Cong., 1st Sess., p. 76 (2005), U.S. Code Cong. & Admin. News 2005, p. 143 (summarizing terms of amended § 727(a)(8) without explaining amendment).

was potentially applicable, which the court has found it is not, it would not be appropriate to apply equitable tolling based on Tidewater's own inaction." *Id*. at 75.

On appeal, Tidewater argues that the limitations period in § 727(a)(8) is designed to allow creditors to enforce certain rights. "Those rights, in the context of this case, are the right to nondischargeability of Williams' debt to Tidewater in a Chapter 7 or Chapter 11 proceeding for an expanse of six years, and the preservation of the rights of creditors for the same period to enforce their claims under bankruptcy law." (Appellant's Br. pp. 12-13.) Tidewater also contends that the language of § 727(a)(8) is "nearly identical" to the language of two other provisions in the Bankruptcy Code—11 U.S.C. §§ 109(g) & 507(a)(8)(A)(i)—that courts have held are subject to the doctrine of equitable tolling. (*Id*. at pp. 12 & 14.) In addition, Tidewater argues that § 727(a)(8) provides debtors with an unacceptable loophole unless equitable tolling applies: "[f]or example, an individual debtor could incur a debt after filing a Chapter 7 case and default, but by using the liberal filing and dismissal provisions of Chapter 13 one could effectively prevent a creditor from enforcing its claim under state law." (*Id*. at p. 15.) Finally, Tidewater contends that neither the text nor purpose of § 727(a)(8) is inconsistent with the application of equitable tolling. (*Id*. at pp. 16-17.)

The standard for resolving whether the doctrine of equitable tolling applies to a limitations period in the Bankruptcy Code was set forth in *Young v. United States*, 535 U.S. 43 (2002). In that decision, the Supreme Court emphasized that limitations periods are "customarily subject to equitable tolling" unless tolling would be "inconsistent with the text of a relevant statute." *Id*. at 49 (citations and internal quotation marks omitted). Congress is "presumed to draft limitations periods in light of this background principle." *Id*. at 49-50. Equitable tolling is permitted in situations "'where the claimant has actively pursued his judicial remedies by filing a

defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Id*. at 50 (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Equitable tolling is also permitted in certain other circumstances.  *Id*.

As explained in further detail below, this Court finds that the doctrine of equitable tolling does not apply to the limitations period set forth in 11 U.S.C. § 727(a)(8).  First, § 727 of the Bankruptcy Code establishes a coherent and consistent framework for discharging a Chapter 7 debtor, excepting specific kinds of debts from that discharge, and revoking the discharge when the debtor engages in fraudulent behavior.  Allowing equitable tolling to apply to § 727(a)(8) would upset this framework and, as a result, this Court finds that equitable tolling is inconsistent with the text of § 727(a)(8).[5]  Second, even if § 727(a)(8) were subject to equitable tolling, it

---

[5] This Court notes that, at first glance, the question whether equitable tolling applies to 11 U.S.C. § 727(a)(8) seems difficult because it appears to pit two basic purposes of that subsection against one another.  One purpose of § 727(a)(8) is to provide debtors with a "fresh start." *See*, *e.g.*, S. Rep. No. 950595, 95th Cong., 1st Sess., p. 7 (1977), U.S. Code. Cong. & Admin. News 1978, p. 5793 ("At the heart of the fresh start provisions of the bankruptcy law is section 727 covering discharge.  The discharge provisions require the court to grant the debtor a discharge of all his debts except for very specific and serious infractions on his part.") & S. Rep. No. 95-595, 95th Cong., 1st Sess., p. 99 (1977), U.S. Code Cong. & Admin. News 1978, p. 5885 ("The eighth ground for denial of discharge is derived from §14c(5) of the Bankruptcy Act.  If the debtor has been granted a discharge in a case commenced within 6 years preceding the present bankruptcy case, he is denied discharge.").  Another purpose of § 727(a)(8) is to curb abusive repetitious filings.  As Judge Derby noted, § 727(a)(8) "seeks to prevent creation of a class of habitual debtors who would rid themselves of their debts by going through bankruptcy every time they found themselves unable to pay their debts." *In re Williams*, 33 B.R. at 74 (citing *In re Mendoza*, 16 B.R. 990, 993 (Bankr. Cal. 1982); *In re Canganelli*, 132 B.R. 369, 379 (Bankr. N.D.Ind. 1991); *Turner v. Boston*, 393 F.2d 683, 685 (9th Cir. 1968)); *see also* Discussion § II n.4, *supra* (discussing the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005's amendment to the limitations period under § 727(a)(8)).  These purposes seem at odds in the context of equitable tolling because if equitable tolling is applied to § 727(a)(8), a honest debtor's ability to obtain a fresh start seems to be restricted.  By the same token, if equitable tolling is not applied to § 727(a)(8), a dishonest debtor's ability to avoid debt appears to be enhanced.

would be inappropriate to apply that doctrine here because Tidewater voluntarily chose not to protect its rights during the period between Williams' Chapter 7 cases.

The framework for discharging a Chapter 7 debtor under 11 U.S.C. § 727 is coherent and consistent.  First, "[a] debtor in a Chapter 7 liquidation case qualifies for an order discharging his debts if he satisfies the conditions stated in § 727(a) of the Bankruptcy Code."[6] *Kontrick v. Ryan*, 540 U.S. 443, 447 (2004).  Second, the effect of a discharge order under § 727(a) is that all debts are discharged except for those that Congress has specifically excepted under § 727(b) and § 523(a).[7]  At least one court, moreover, has held that the limitations periods associated with

---

[6] Congress had determined that courts may not grant a discharge of any debts if specific conditions or circumstances exist.  Specifically, a discharge is not available where the debtor (1) is not an individual; (2) with intent to defraud a creditor, has destroyed or concealed property of the debtor or estate within certain time periods; (3) has concealed or destroyed books or records;(4) has knowingly made a false oath or account, used a false claim, attempted to obtain money or property by acting or not acting, or withheld documents relating to financial affairs; (5) has failed to explain a loss or deficiency of assets; (6) has refused to obey court orders or answer material questions; (7) has committed acts specified in paragraphs (2)-(6) of this subsection under certain circumstances; (8) has been granted a Chapter 7 discharge in a case commenced within six years before the petition was filed; (9) has been granted a Chapter 13 or Chapter 12 discharge in a case commenced within six years before the petition was filed, unless payments under the plan totaled 100% of allowed claims or 70% of such claims and the plan was proposed by debtor in good faith and with the debtor's best effort; or (10) has executed a court-approved, written waiver of discharge after the order for relief under this chapter. 11 U.S.C. § 727(a)(1)-(10) *see also* Discussion § II n.4, *supra* (discussing recent amendments to § 727(a)).

[7] Congress has determined that specific categories of debt are nondischargeable when a Chapter 7 debtor obtains a discharge order.  *See*, *e.g.*, 11 U.S.C. § 523 (a)(1) (certain debts "for a tax or a customs duty"); § 523 (a)(2) (debts "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by" certain fraudulent or deceptive behavior); § 523(a)(4) (debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"); § 523(a)(5) (certain debts "to a spouse, former spouse, or child of the debtor" for "support of such spouse or child"); § 523 (a)(6) (debts "for willful and malicious injury by the debtor to another entity or to the property of another entity"); § 523(a)(7) (certain debts "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit"); § 523(a)(8) (certain debts "for an education benefit overpayment or loan, made, insured or guaranteed by a governmental unit"); § 523(a)(9) (certain debts "for death or personal injury caused by the debtor's operation of a motor vehicle"); § 523 (a)(19)(B)(i) (certain debts resulting from "any judgment, order, consent order, or decree entered in any Federal or State judicial or

excepted categories of debt are subject to equitable tolling.  *See Young*, 535 U.S. at 54.  Third, a Chapter 7 discharge may be revoked where the debtor has acted fraudulently under §§ 727(d)-(e).  Notably, courts have held that the limitations periods that govern when a creditor may file an action to revoke a debtor's discharge are not subject to equitable tolling.  *See*, *e.g.*, *In re Phillips*, 233 B.R. at 718; *In re Bevis*, 242 B.R. at 810.

Applying equitable tolling to the limitations period in § 727(a)(8) would upset the framework established by § 727 for discharging a Chapter 7 debtor, excepting specific categories of debt from that discharge, and revoking that discharge in certain circumstances.  The most significant problem with Tidewater's approach stems from the requirement that a discharge order applies to *all* debts except those that are specifically excepted under §§ 727(b) and 523(a).  As a result, if equitable tolling were applied to § 727(a)(8), every debt encompassed by a debtor's Chapter 7 petition—not just the debt of the single creditor seeking equitable tolling—would not be discharged.  Thus, potentially numerous creditors would unwittingly and perhaps undeservedly benefit from relief granted to a single creditor.  This situation seems inconsistent with Congress' determination that specific categories of debt are excepted from discharge under § 727(b) and § 523, and effectively "convert[s] the disqualifications of a debtor from a discharge into a dischargeability test for particular claims."  *In re Williams*, 333 B.R. at 74.

Subjecting the limitations period in § 727(a)(8) to equitable tolling leads to another problem.  As noted above, the limitations periods associated with a cause of action to revoke a discharge are *not* subject to equitable tolling.  For example, even where the debtor allegedly committed fraud by concealing facts that formed the basis of the trustee's cause of action, the

---

administrative proceeding"); *see also* 11 U.S.C. § 727(b) ("Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . .").

one-year limitations period for commencing an action to revoke a discharge under § 727(e)(1) is strictly enforced. *See In re Phillips*, 233 B.R. at 718. Given this backdrop, it makes no sense to equitably toll the limitations period associated with § 727(a)(8) in cases where, as here, there is no allegation of fraud or other dishonest conduct on the debtor's part.[8] The reason is that doing so would effectively penalize creditors *more* in cases where the debtor engages in *fraudulent* conduct (because the right to revoke a discharge obtained through fraud is subject to limitations periods that may not be equitably tolled) and *less* in cases where the debtor engages in *honest* conduct (because, on Tidewater's theory, an honest debtor's right to a discharge under § 727(a)(8) should be subject to equitable tolling). Such an interpretation of § 727 makes no sense.[9]

Two other considerations lend further support to the Bankruptcy Court's decision not to apply the doctrine of equitable tolling to § 727(a)(8). First, in addition to upsetting the clear and coherent statutory framework established by § 727, application of equitable tolling in this context would run afoul of the principle of statutory interpretation that "[e]xceptions to discharge

---

[8] As Judge Derby noted, "[t]here has been no allegation of bad faith or fraud made by Tidewater against Williams relative to either Chapter 7 case or any of the three Chapter 13 filings." *In re Williams*, 333 B.R. 75 n.6 (citations omitted).

[9] Although not briefed by the parties, this Court notes that a strong argument can be made for the conclusion that the limitations period set forth in § 727(a)(8) should be treated as a statute of repose rather than a statute of limitations. In general, a statute of limitation "merely limits the time in which a plaintiff may bring suit after a cause of action accrues," while a statute of repose "extinguishes a cause of action after a fixed period of time . . . regardless of when the cause of action accrued." 51 Am. Jur. 2d Limitation of Actions § 12. Unlike statutes of limitations, the doctrine of equitable tolling does not apply to statutes of repose. *See Apex Wholesale Inc. v. Blanchard* (*In re Blanchard*), 241 B.R. 461, 464 (Bankr. S.D.Cal 1999) ("Section 727(e)(2) is a statute of repose and, as such, is not subject to the doctrine of equitable tolling); *see also Davis v. Johnson* (*In re Johnson*), 187 B.R. 984, 988 (Bankr. S.D.Cal 1995). ("In this Court's opinion, the provisions of § 727(e) are intended as periods of repose."); *In re Bevis*, 242 B.R. at 809 (same).

are strictly construed against creditors for the purpose of protecting a debtor's fresh start." *Spinoso v. Heilman* (*In re Heilman*), 241 B.R. 137, 148 (Bankr. D. Md. 1999) (citing *Stanley H. Silverblatt Elec. Contr., Inc. v. Marino,* (*In re Marino*), 115 B.R. 863 (Bankr. D. Md. 1990) and *Super Concrete Corp. v. Shipe* (*In re Shipe*), 41 B.R. 584 (Bankr. D. Md. 1984)).  Second, Congress decided not to address any alleged "loophole" with respect to the relation between the serial filing of Chapter 13 cases and the discharge of a second Chapter 7 case in its recent restructuring of the Bankruptcy Code.  *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 (2005).  It is not the role of this Court to override decisions already made by Congress with respect to the discharge of a Chapter 7 debtor.

      This Court notes that Tidewater's focus on the Supreme Court's decision in *United States v. Young*, 535 U.S. 43 (2002) is not dispositive in this matter.  The statutory framework at issue in *Young*—11 U.S.C. §§ 523(a)(1)—is distinguishable from the statutory framework at issue here—11 U.S.C. § 727.  Significantly, the Supreme Court in *Young* faced the question whether to apply the doctrine of equitable tolling to a debt that was specifically excepted from discharge under § 727(b) and § 523(a)(1).  In contrast, this Court faces the question whether to apply equitable tolling to a provision that qualifies a debtor's right to discharge in the context of a specific debt that has not been excepted from discharge under § 727(b) and § 523(a)(1).  This difference matters because equitably tolling the limitations period in § 523(a)(1) in no way threatens to upset the overall framework for discharging a Chapter 7 debtor.

      For similar reasons, this Court rejects Tidewater's argument that equitable tolling applies to the language of § 727(a)(8) because it is "nearly identical" to other provisions in the Bankruptcy Code that courts have subjected to equitable tolling, *i.e.*, 11 U.S.C.§ 109(g) & § 507(a)(8)(A)(i).  First, neither § 109(g) nor § 507(a)(8)(A)(i) share anything other than

superficial textual similarities with § 727(a)(8). Second, the specific contexts of § 109(g) and § 507(a)(8)(A)(i) are significantly different from that of § 727(a)(8). For example, § 109(g) requires courts to look back 180 days from the commencement of a Chapter 13 case to determine whether an individual is qualified to be a debtor. Section 507(a)(8)(A)(i), furthermore, gives eighth priority to "allowed unsecured claims of governmental units, only to the extent that such claims are for— . . . a tax on or measured by income or gross receipts— . . . for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." These provisions of the Bankruptcy Code are not concerned with discharging a Chapter 7 debtor, excepting specific categories of debt from that discharge, and revoking that discharge in cases of fraudulent behavior. As a result, there is no persuasive reason why these particular provisions require the application of equitable tolling to the limitations period in this case.

Finally, even if this Court was convinced that equitable tolling should apply to the limitations period set forth in § 727(a)(8), it would not be appropriate in this particular case.

> Notwithstanding the filing of Debtor's three chapter 13 bankruptcy cases, Tidewater has had over three years and six months during which the Debtor was not in bankruptcy to collect on its debt. Tidewater reduced its claim to judgment in July 2001. Even after dismissal of the 2001 Chapter 13 case in September 2003, Tidewater had over six months to execute before the present case was filed. In short, Tidewater has had time to enforce its judgment.

*In re Williams*, 333 B.R. 75. Without citing any authority, Tidewater responds to this argument by pointing out that "Williams did not raise laches as an affirmative defense to Tidewater's complaint, nor in response to Tidewater's motion for summary judgment and quite properly so . . . The question on appeal is whether this Chapter 7 debtor qualifies for a discharge under the Bankruptcy Code, and no more." (*See* Appellant's Reply Br. p. 4.) The Supreme Court has

clearly stated, however, that "tolling is inappropriate when a claimant has voluntarily chosen not to protect his rights within the limitations period." *Young*, 535 U.S. 53 (citing *Irwin*, 498 U.S. at 96).

In sum, the question whether equitable tolling applies to 11 U.S.C. § 727(a)(8) seems difficult at first glance because it appears to pit two basic purposes of that subsection against one another. However, when one steps back from the minutiae of § 727 (a)(8) and considers the overall framework established by § 727, it becomes clear that subjecting § 727(a)(8) to equitable tolling is inconsistent with the broader context of § 727 as a whole. It is simply not the role of this Court to override decisions already made by Congress with respect to the discharge of a Chapter 7 debtor. As a result, this Court finds that the doctrine of equitable tolling does not apply to the limitations period set forth in § 727(a)(8). Finally, even if equitable tolling applied to § 727(a)(8), Tidewater should not benefit from that doctrine because it voluntarily chose not to protect its rights during the period between Williams' Chapter 7 cases.

## CONCLUSION

For the reasons stated above, the Order of United States Bankruptcy Judge E. Stephen Derby is AFFIRMED.

Dated: May 9, 2006                    /s/_____
                                       Richard D. Bennett
                                       United States District Judge